IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**STEVEN ANSTINE,**<br><br>Defendant. | Criminal No: 2:19-cr-404<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 30th day of April, 2019, between the United States of America, as represented by United States Attorney SHERRI A. LYDON, Assistant United States Attorney Marshall "Matt" Austin, United States Department of Justice Public Integrity Section Acting Chief ANNALOU TIROL, Deputy Chief Robert J. Heberle, and Trial Attorney John P. Taddei; and the Defendant, **STEVEN ANSTINE**, and Defendant's attorneys, Kearns Davis, Daniel D. Adams, and S. Wilson Quick.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to a single-count Information charging, Obtaining Contractor Bid or Proposal Information or Source Selection Information Before the Award of a Federal Agency Procurement Contract to which the Information Relates, in violation of 41 U.S.C. §§ 2102(b) and 2105(a).

In order to sustain its burden of proof, the Government is required to prove the following:

Count 1

    A. The Defendant obtained contractor bid or proposal information or source selection information;

    B. The Defendant did so before the award of a Federal agency procurement contract to which the information related;

    C. The Defendant acted knowingly;

    D. The Defendant acted to obtain a competitive advantage in the award of a Federal agency procurement contract.

The penalty for this offense is:

    A maximum term of imprisonment of 5 years; and a fine not to exceed $250,000, or both; and supervised release of not more than three years.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant

at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not

have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4. If the Court accepts the Defendant's plea of guilty and the Defendant fulfills each of the terms and conditions of this Plea Agreement, the Government agrees that it will not further prosecute the Defendant for any crimes described in the attached Factual Basis for Plea. This Plea Agreement does not provide any limitation of liability arising out of any acts of violence.

**Factual Basis**

5. The Defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the Defendant's actions and involvement in the offense to which the Defendant is pleading guilty. The Defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

6. The Defendant is aware that the sentence will be imposed by the Court after considering the United States Sentencing Guidelines and related Policy Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court

4

relying in part on the results of a Pre-Sentence Investigation conducted by the Court's Probation Office, which will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence, or lower that advisory sentence. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence, that the Court is required to tailor the ultimate sentence in light of other statutory concerns, and that such ultimate sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The Government reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as

concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The Defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the Defendant pursuant to the advisory Sentencing Guidelines that the Defendant may have received from any source is only a prediction and not a promise, and is not binding on the Government, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

9. The Defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as set forth in the <u>Guidelines Manual</u> for 2018. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

   A. <u>Offense Level under the Guidelines</u>: Under U.S.S.G. § 2B1.1(a)(2), the Defendant's Base Offense Level is 6.

   B. <u>Acceptance of Responsibility</u>: Provided that the Defendant clearly demonstrates acceptance of

6

responsibility, to the satisfaction of the United States, through the Defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the Defendant:

i. fails to admit a complete factual basis for the plea at the time the Defendant is sentenced or at any other time;

ii. challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

iii. denies involvement in the offense;

iv. gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

v. fails to give complete and accurate information about the Defendant's financial status to the Probation Office;

vi. obstructs or attempts to obstruct justice prior to sentencing;

      vii.      has engaged in conduct prior to signing this Plea Agreement that reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

      viii.     fails to appear in court as required;

      ix.      after signing this Plea Agreement, engages in additional criminal conduct; or

      x.      attempts to withdraw the plea of guilty.

If the Defendant has accepted responsibility as described above, and the Defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because the Defendant has assisted authorities by providing timely notice of the Defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

C. <u>Criminal History Category</u>: Based upon the information now available to the United States (including representations by the defense), the Defendant's criminal history consists of zero prior sentences as

defined in U.S.S.G. § 4A1.2(a)(1). In accordance with the above, therefore, the Defendant's Criminal History Category is I.

D. <u>Applicable Guideline Range</u>: Based upon the calculations set forth above, the Defendant's stipulated Sentencing Guidelines range is 0 to 6 months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines level 4, the applicable fine range is $500 to $9,500.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

10. The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, although not binding on the Probation Office or the Court, neither party will seek a variance, i.e., a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the

Stipulated Guidelines Range, unless otherwise provided in this Plea Agreement. Nothing in this Plea Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other Guidelines range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the Defendant's Criminal History Category is different from that set forth above.

**Court Not Bound by the Plea Agreement**

11. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Cooperation and Forfeiture**

12. The Defendant agrees to be fully truthful and forthright with federal, state, and local law enforcement agencies by

providing full, complete, and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete, and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

A.  the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

B.  all additional charges known to the Government may be filed in the appropriate district;

C.  the Government may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

D. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

13. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

14. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines, the United States may make a motion pursuant to § 5K1.1 of the Sentencing Guidelines prior to or at sentencing, reflecting that the defendant has provided substantial assistance and

recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. Likewise, where the United States determines that the defendant has provided substantial assistance following sentencing, the United States may seek a reduction of such sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file any such motion(s) and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be conclusive and unreviewable with respect to the United States' decision to seek any such reduction.

15. The defendant understands and acknowledges that the court is under no obligation to grant the § 5K1.1 or Rule 35 motions referenced above should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

### Waiver of Venue

16. The Defendant waives any challenge to venue in the District of South Carolina.

**Merger and Other Provisions**

17. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses; that the Defendant and his attorney have discussed the Defendant's right to plead not guilty and to persist in that plea, right to a public trial by jury or by the Court, right to the assistance of counsel throughout the proceedings, right to call witnesses on the Defendant's behalf and compel their attendance at trial by subpoena, right to confront and cross-examine the Government's witnesses, right to testify on his own behalf, or to remain silent and have no adverse inferences drawn from his silence, and right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors; and that the

Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

18. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in, or responses to, any post-sentencing matters.

19. The Defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

20. Notwithstanding the waiver provision above, if the Government appeals from the sentence, then the Defendant may file a direct appeal of the Defendant's sentence. If the Government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the Defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding: that the Defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above; challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines; challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and that an attorney who represented the Defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel. If the Defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the Defendant in such a proceeding other than those described in this paragraph.

21. It is further agreed that should any conviction following the Defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-

barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the Defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

22. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or, after this Agreement, are null and void.

4-8-19
Date

**STEVEN ANSTINE**
DEFENDANT

4/19/19
Date

KEARNS DAVIS
DANIEL D. ADAMS
ATTORNEYS FOR STEVEN ANSTINE

4/15/19
Date

S. WILSON QUICK (#11910)
ATTORNEY FOR STEVEN ANSTINE


ANNALOU TIROL
ACTING CHIEF
PUBLIC INTEGRITY SECTION

4/30/19
Date

ROBERT J. HEBERLE
DEPUTY CHIEF
JOHN P. TADDEI
TRIAL ATTORNEY


SHERRI A. LYDON
UNITED STATES ATTORNEY

4/30/2019
Date

MARSHALL "MATT" AUSTIN (#11435)
ASSISTANT UNITED STATES ATTORNEY

18

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION ||
|---|---|
| CRIM. ACTION NO.: | 2:19-cr- |
| DEFENDANT'S NAME: | STEVEN ANSTINE |
| PAY THIS AMOUNT: | $100.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER <u>(Do Not send cash)</u>*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*