IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**STEVEN ANSTINE**,<br><br>Defendant. | Criminal No: 2:19-cr-00404<br><br>Violation: 41 U.S.C. §§ 2102(b) and 2105(a)<br>(Obtaining Procurement Information) |

**FACTUAL BASIS FOR PLEA**

Pursuant to Federal Rule of Criminal Procedure 11, the United States of America and the defendant, **STEVEN ANSTINE**, stipulate and agree that the following facts are true and accurate, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. The Bureau of Overseas Building Operations (OBO) of the U.S. Department of State (the Department) directs the design, construction, and use of U.S. embassies abroad. During the relevant period of time, Public Official A and Public Official B were OBO employees who were responsible for procuring furniture for U.S. embassies. ANSTINE was the Vice President of Sales for an American furniture company.

2. In or around December 2016, the Department was constructing a new embassy in a foreign nation. Public Official A was tasked with soliciting bid proposals from contractors for



the procurement of furniture for the new embassy's offices (the Embassy Furniture Project). Public Official B also participated in the process of soliciting bids for the Embassy Furniture Project.

3. From in or around December 2016 to in or around March 2017, ANSTINE knowingly obtained from Public Official A and Public Official B contractor bid and proposal information for the Embassy Furniture Project, including bid prices and design plans of at least three bidding companies unaffiliated with his own company. ANSTINE knowingly obtained this competitor bid and proposal information before the award of the Department's procurement contract for the Embassy Furniture Project.

4. ANSTINE knowingly obtained this information in order to achieve a competitive advantage for himself and his company over the other bidding companies. ANSTINE's obtaining of the information enabled him to submit the lowest bid for the Embassy Furniture Project to the Department on at least two separate occasions. In or around March 2017, ANSTINE's company won the contract for the Embassy Furniture Project with a bid of approximately $1,569,000.

5. On or about May 5, 2017, ANSTINE was interviewed by Special Agents of the Department's Office of the Inspector General. ANSTINE was warned that making intentionally false statements to

the Agents could subject him to criminal charges. He indicated he understood.

6. ANSTINE made materially false statements during the interview. During the interview, ANSTINE knowingly, willfully, and intentionally falsely stated the following:

    a. he did not knowingly receive competitor bid and proposal information from Public Official A and Public Official B before the award of a contract for the Embassy Furniture Project; and

    b. whenever he accompanied Public Official B to events, restaurants, or bars, Public Official B paid her share of the expenses.

7. In truth and in fact, ANSTINE well knew and believed the following facts when he made each of the above statements:

    a. from in or around December 2016 to in or around March 2017, ANSTINE knowingly obtained from Public Official A and Public Official B competitors' bid and proposal information for the Embassy Furniture Project before the award of the Department's procurement contract for the Embassy Furniture Project; and

    b. ANSTINE paid for at least a portion of Public Official B's expenses when they both attended dinners, sporting events, and concerts including, but not limited to, a September 2016 concert in Washington, D.C.; a December 2015 ballet

3

performance in Washington, D.C; and a summer 2015 golf tournament in Gainesville, Virginia.

8. The acts taken by the defendant, STEVEN ANSTINE, in furtherance of the offense charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law. The defendant acknowledges that these facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that sufficient facts exist that the defendant committed the offense to which he is pleading guilty. The defendant further acknowledges that he is obligated under his plea agreement to provide additional information about this case beyond that which is described in the Factual Basis for Plea.

9. The Factual Basis for Plea shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Factual Basis for Plea in any such proceeding.

**DEFENDANT'S STIPULATION AND SIGNATURE**

After consulting with my attorneys and pursuant to the plea agreement entered into this day between the defendant, STEVEN ANSTINE, and the United States, I hereby stipulate that the above Factual Basis for Plea is true and accurate, and that had the matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

4-8-19 _____
Date                                             STEVEN ANSTINE
                                                 DEFENDANT

**DEFENSE COUNSEL'S SIGNATURES**

We are Kearns Davis, Daniel D. Adams, and S. Wilson Quick, the attorneys for STEVEN ANSTINE. We have carefully reviewed the above Factual Basis for Plea with him. To our knowledge, his decision to stipulate to these facts is informed and voluntary.

4/11/19 _____
Date                                             KEARNS DAVIS, ESQ.
                                                 DANIEL D. ADAMS, ESQ.
                                                 ATTORNEYS FOR STEVEN ANSTINE

4/15/19 _____
Date                                             S. WILSON QUICK, ESQ. (#11910)
                                                 ATTORNEY FOR STEVEN ANSTINE